IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KALIMA JAMILA HAYWARD,<br>  Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5602 |
| | : | |
| USAA FEDERAL<br>SAVINGS BANK, *et al.*,<br>  Defendants. | : | |
| | : | |
| | : | |

### MEMORANDUM

**BEETLESTONE, J.**                             **APRIL 11, 2025**

  Plaintiff Kalima Jamila Hayward, a frequent *pro se* litigant in this Court, commenced this civil action by filing a Complaint against USAA Federal Savings Bank ("USAA"), Navy Federal Credit Union, Truist Bank, SunTrust Bank, and Kik Off Lending, LLC, asserting claims under numerous consumer protection statutes and regulations, including the Fair Credit Reporting Act ("FCRA"), Truth in Lending Act ("TILA"), and Fair Credit Billing Act ("FCBA"). (*See* ECF No. 1.) The Court granted Hayward's Motion for Leave to Proceed *In Forma Pauperis* (*see* ECF Nos. 2, 5), then screened and dismissed Hayward's Complaint, providing her with an opportunity to amend (*see* ECF Nos. 7, 8). Currently before the Court is Hayward's Amended Complaint. (ECF No. 13.) For the following reasons, the Court will dismiss Hayward's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

  The Court dismissed Hayward's original Complaint, concluding that she had failed to state a claim against USAA, and that her claims against Navy Federal Credit Union, Truist Bank,

---

[1] The facts set forth in this Memorandum are taken from Hayward's Amended Complaint (ECF No. 13). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are cleaned up where necessary.

SunTrust Bank, and Kik Off Lending, LLC ("Kik Off") had been improperly joined with the claims against USAA.  (*See generally* ECF No. 7.)  The Court thus dismissed all of her misjoined claims "without prejudice to allow her to reassert any claim she may wish to pursue in separate civil actions," and terminated these four Defendants.  (*Id.* at 7, 20-21 (citations omitted); *see also* ECF No. 8 at 1-2.)  In dismissing her claims against USAA, the Court specifically granted Hayward "leave to amend her claims against USAA under the FCRA and TILA, and under the FCBA to the extent they relate to her USAA credit card," dismissing all other claims against USAA with prejudice.  (ECF No. 7 at 21.)  Despite those explicit instructions, Hayward's Amended Complaint abandons any claims against USAA and presents only FCRA claims against previously terminated Defendant Kik Off.[2]  (*See generally* ECF No. 13.)

      Hayward alleges in her Amended Complaint that on August 27, 2024, she "reviewed [her] consumer credit report and discovered that Kik Off was inaccurately reporting late payments that were actually made on time," as well as "incomplete and missing payment history and accounts that [she] did not authorize."  (*Id.* at 3.)  She claims that she "disputed the inaccurate reporting directly" with the three major credit reporting agencies, "which then notified

---

[2]  Although Hayward failed to comply with the Court's instructions on amendment and pursued claims only against Kik Off in her Amended Complaint (rather than filing a separate civil action, as instructed), in light of her *pro se* status, the Court accepted her Amended Complaint (*see* ECF No. 12) and has considered it for statutory screening.  However, because the Court provided Hayward with an opportunity to amend certain claims against USAA to plead those claims with more factual specificity (*see* ECF No. 7 at 7-19, 21), and Hayward responded with an Amended Complaint that did not even name USAA as a Defendant, let alone to reassert her claims plausibly, she has waived any claims against USAA. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity."); *Bainbridge v. Pennsylvania Dep't of Corr.*, No. 23-4835, 2024 WL 1163530, at *1 (E.D. Pa. Mar. 18, 2024) ("By failing to follow the Court's instruction [regarding amendment], Bainbridge has effectively waived the claims against Knarr, Terra and Shoenburger by failing to reassert them.").

Kik Off of the dispute." (*Id.*) She claims that Kik Off "failed to conduct a reasonable investigation and continued reporting inaccurate information." (*Id.*) She states that she also informed the Consumer Financial Protection Bureau of her dispute and that Kik Off was accordingly notified of her report. (*Id.*)

She claims that "[a]s a direct result of Kik Off[']s failure to correct the inaccurate reporting, [she has] sustained credit denial." (*Id.* at 4.) She further asserts that Kik Off's reporting "makes [her] look inconsistent and a potential risk to loan companies and credit card companies." (*Id.*) She states that she is "in the process of buying a home and those alleged negative accounts are hindering [her]." (*Id.*) Hayward asserts that Kik Off's actions violated the FCRA. (*Id.*) She seeks $3,500 in damages. (*Id.*)

## II.    STANDARD OF REVIEW

The Court granted Hayward's motion for leave to proceed *in forma pauperis* in a prior Order. (*See* ECF No. 5.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim to relief, an inquiry governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Hayward's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Hayward is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (internal quotations omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.   DISCUSSION

Hayward has failed to state a claim against Kik Off under the FCRA. "[U]nder the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted). To state a plausible claim under that provision of the FCRA against a furnisher of credit information such as Kik Off,

Hayward must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017); *see also* 15 U.S.C. § 1681s-2(b). "[T]here must be some threshold showing of inaccuracy to make a claim against a furnisher." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021).

Hayward recites in her Complaint each element of an FCRA claim in conclusory fashion only. She provides no factual allegations to support any element of the claim beyond these rote statements. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim to relief. *Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In this specific context, a consumer seeking to vindicate rights under the FCRA must clearly identify the account at issue and indicate what inaccurate information was communicated to a credit reporting agency. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (setting forth those points as part of the minimal pleading requirements for FCRA claim against a furnisher); *see also Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (finding plaintiff failed to allege sufficient facts regarding the inaccurate information).

Hayward states that Kik Off provided inaccurate information, but she does not identify the account or describe why the information that was inaccurate. She provides no relevant dates or amounts of the inaccuracies. She neither includes information about her relationship to Kik Off nor distinguishes between the mutually exclusive categories of inaccuracies she mentions: "inaccurately reporting late payments that were actually made on time," "incomplete and missing payment history," and "accounts that [she] did not authorize."[3] (Am. Compl. at 3.)

Moreover, to establish Article III standing to bring her FCRA claims, Hayward "bears the burden of establishing: '(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision.'" *Kelly v. RealPage Inc.*, 47 F.4th 202, 211 (3d Cir. 2022) (quoting *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 356 (3d Cir. 2018)). An injury-in-fact must be "concrete—

---

[3] Although Hayward does not expressly cross-reference her original Complaint, to the extent that she intended to rely on any her original Complaint and the voluminous exhibits she attached to it to supplement her allegations in the Amended Complaint, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett*, 938 F.3d at 82. "Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." *Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) (internal quotations omitted). This means that any filing seeking to amend a complaint must name all of the defendants, list all claims against those defendants, and include all factual allegations in that pleading, rather than referring back to the initial complaint. *See Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted,* No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."). And Hayward still bears the burden to plead sufficient facts to state a plausible FCRA claim *within* her complaint— and not merely attach documents that might provide information supporting her claim. *Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

that is, real, and not abstract." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) (citation and internal quotations omitted).  Although Hayward alleges that Kik Off furnished inaccurate information on her credit report, she has not pled facts to establish that she incurred a concrete injury caused by that conduct.  *See id.* at 434 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm.").  Her conclusory statement that "[a]s a direct result" of Kik Off's alleged actions, she has suffered a "credit denial," with no factual information about who denied her credit and why the denial is traceable to Kik Off's conduct, and her speculative claim that the information reported by Kik Off "makes [her] look inconsistent and a risk" to potential future creditors (Compl. at 3), do not constitute concrete injuries.  *See generally TransUnion*, 594 U.S. at 432-39 (distinguishing between plaintiffs who plead with specificity that their inaccurate credit report was disclosed to a third-party creditor, who have standing to pursue those claims, and plaintiffs who plead only a speculative future injury absent third-party receipt of credit information, who lack standing).

In sum, Hayward's Amended Complaint is too vague and conclusory to satisfy Rule 8, because it does not contain sufficient factual allegations to support cognizable legal claims to which Kik Off could respond on the merits.  *See Garrett*, 938 F.3d at 94; *Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Hayward's Amended Complaint.  As the Court cannot determine at this time whether Hayward can cure the defects identified above,

she will be provided another opportunity to amend only as to her FCRA claims against Kik Off, as outlined in this Memorandum.  An appropriate Order follows.

BY THE COURT:

S/ WENDY BEETLESTONE

**WENDY BEETLESTONE, J.**