IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KALIMA JAMILA HAYWARD,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-5602** |
| | : | |
| **USAA FEDERAL** | : | |
| **SAVINGS BANK,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 11th day of April, 2025, upon consideration of Plaintiff Kalima Jamila Hayward's *pro se* Amended Complaint (ECF No. 13) it is **ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons in the Court's Memorandum.

2. Hayward may file a second amended complaint within thirty (30) days of the date of this Order, only as to her claims against Defendant Kik Off Lending LLC under the Fair Credit Reporting Act, as outlined in the accompanying Memorandum.  **The second amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  The second amended complaint may not rely solely on exhibits to state a claim.**  When drafting her second amended complaint, Hayward should be mindful of the Court's reasons for dismissing the claims in her Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service or issue summons until so **ORDERED** by the Court.

3.  The Clerk of Court is **DIRECTED** to send a blank copy of the Court's form for a General Complaint in a civil action bearing the above civil action number. Hayward may use this form to file her second amended complaint if she chooses to do so.

4.  If Hayward does not wish to further amend, and instead intends to stand on her Amended Complaint as originally pleaded, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, [s]he may file an appropriate notice with the district court asserting [her] intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.  If Hayward fails to file any response to this Order, the Court will conclude that Hayward intends to stand on her Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on her

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*); *Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

_____

**WENDY BEETLESTONE, J.**

---

to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").